UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:17CV-24-GNS

KEVIN BOYD POOLE                                                    PLAINTIFF

v.

DR. RYAN *et al.*                                                   DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Kevin Boyd Pool filed the instant *pro se* action proceeding *in forma pauperis*.[1]

This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C.

§ 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other*

*grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon initial screening of the complaint, the

instant action will be dismissed for the reasons that follow.

### I.

Plaintiff sues the following Defendants:  Dr. Ryan, whom he identifies as a doctor at the

Veterans Affairs (VA) Hospital in Louisville, Kentucky; Dr. Major, whom he identifies as a

doctor in Elizabethtown, Kentucky; and the Fort Knox Federal Credit Union.

As his statement of the claim, Plaintiff states as follows:

> Owned my own house in Breckinridge County Black Diamond Area I believe
> female doctor from long before being my (mental dr.) Elizabethtown/Hardin
> County Hospital.  (Her name) (not rank) Dr. Major.  Dr. at Coopers Drive Univ of
> KY V.A. Hosp.  I found out I had broke her cousins nose another V.A. patient at a
> different Lexington, KY V.A. facility.  Her cousin liked to urinate on me.  I woke
> up caught him.  Did what I did nose.  Equal protection under the law for disabled.
> Another female another (Dr.) Ryan wanted me placed in nursing home until I was

---

[1] Plaintiff filed his complaint on the Court's form for filing an action by a prisoner under 42 U.S.C.
§ 1983/*Bivens v. Six Unknown Fed. Narcotics Agents.*  However, he lists his address as the "Bowling
Green Retirement Village."  Therefore, the Court presumes that Plaintiff is not incarcerated.  However,
because he is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e),
which applies the same standard for initial review as under § 1915A for prisoner actions.

dead V.A. doctor at the time.  Fort Knox Federal Credit Union denied . . . my application for line of credit and either or credit card late 2,015 they say my [illegible] it number why they denied me.

Dr. Ryan female V.A. Hosp had already sent me to nursing home previous to wanting and discharging me to the nursing home for the second time.  I told staff all day long Zorn Ave. Louisville V.A. do not make me do something I do not want to do.  With limited phone access I tried to inform some government officers other than (V.A. Hosp) . . . Releif for me as seen by me.  Move Louisville Regional Office anywhere but there . . . Orders from somewhere to get me to commit a felony.  Starting with guardian change.  I received new guardian 75.00 a month at my house.  I know longer smoke cigs quit 6 yrs ago while at Glasgow state facility long term care facility from there after 3 ½ years moved to apartments Bowling Green KY Aug 15 to 12-21-15.  Dr Ryan discrimination against disabled Dr. Major.

As relief, Plaintiff does not seek monetary damages.  He states that he seeks relief in the form of "turn my 10,000+ savings over to me."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits.  *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).  Thus, to state a claim under *Bivens*, a plaintiff must allege that (1) a federal officer acted under federal law (2) to deprive plaintiff of a constitutional right.  *Bivens*, 403 U.S. at 389.  Plaintiff has not met the second threshold requirement because he has failed to demonstrate that Defendants' conduct deprived him of a constitutional right.

### *Defendants Ryan and Major*

While not entirely clear, the Court will construe the complaint as alleging that both Defendants Ryan and Major are physicians at VA hospitals and will presume for the purposes of initial screening that they are subject to suit under *Bivens*.  The only alleged constitutional violation the Court can discern from the complaint is a violation of the Equal Protection Clause based on Plaintiff's claim of discrimination based on his disability.  The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the

laws." U.S. Const. amend. XIV, § 1.  A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976).  The Supreme Court squarely has held that disability is not a suspect or quasi-suspect class under the Equal Protection Clause. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367-68 (2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442-47 (1985)).

Therefore, because the only constitutional violation Plaintiff alleges against Defendants Ryan and Major is an equal protection violation based on his disability, the claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### Defendant Ft. Knox Federal Credit Union

With regard to Plaintiff's claims against Defendant Fort Knox Federal Credit Union, Plaintiff states, "Fort Knox Federal Credit Union denied . . . my application for line of credit and either or credit card late 2,015 they say my [illegible] it number why they denied me."  Again, assuming for the purposes of initial review that this Defendant is subject to liability under *Bivens*, Plaintiff has not articulated any constitutional right which this Defendant allegedly violated.  Therefore, Plaintiff's *Bivens* claim against Defendant Fort Knox Federal Credit Union must also be dismissed for failure to state a claim.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff's claim against Defendant Fort Knox Federal Credit Union fails to meet this standard.  He fails to provide any coherent statement of his claim(s) against this Defendant. Plaintiff, therefore, fails to give Defendant "fair notice" of his claim(s) against it.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to make factual allegations in his complaint to set forth a coherent claim against Defendant Fort Knox Federal Credit Union, the Court must dismiss the claim against this Defendant for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

For the foregoing reasons, the complaint will be dismissed by separate Order.

Date: July 24, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4416.010